# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2010

No. 09-30639
Summary Calendar

Lyle W. Cayce
Clerk

HUEE TAN

Plaintiff-Appellant

v.

UNITED STATES POSTAL SERVICE, John E. Potter, Postmaster General

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-04102

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Huee Tan appeals the dismissal of his claims of retaliation and discrimination arising from a previously litigated complaint against the defendants on the defendants' motion for summary judgment.

In a judgment dated April 4, 2004, an administrative judge with the EEOC found in part for Tan on his "all-inclusive claim of harassment" against his employer, the United States Postal Service. The ALJ accepted Tan's claim that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was subjected to a hostile work environment following physical and emotional injuries he suffered as a result of a dog attack on his route. The ALJ awarded him $75,000 plus attorney fees and expenses. The ALJ found however that the plaintiff did not establish racial harassment. The ALJ also found that Tan was not disabled from working. The defendants paid the award and did not appeal.

Tan failed to return to work after the order was issued and in fact had been absent without leave for a substantial period during the litigation. Various administrative steps were taken by the defendant to declare him AWOL and to terminate his health benefits. Tan filed complaints with the EEOC alleging that the defendant failed to abide by the ALJ's April 2004 order and was engaged in retaliatory and discriminatory behavior by actively preventing reasonable accommodation requested due to his disability. Those complaints were withdrawn and this suit was filed. Plaintiff also pursued a grievance through his union outside of the litigation which was resolved in Tan's favor based on procedural deficiencies in the defendant's removal process.

We agree with the district court that Tan has failed to prove a prima facie case of disability and/or race discrimination under the undisputed facts. The ALJ found that Tan was not disabled from working. In addition, Tan fails to establish that the reasons provided by the defendant for its actions, whether prior to or after the decision by the ALJ, are pretextual. Rather, the defendant complied with the court's order and, despite procedural deficiencies, attempted to respond within the bounds of its published handbooks, regulations and union collective bargaining agreements to declare Tan AWOL and terminate his benefits.

We also agree with the district court that Tan has failed to establish a retaliation claim. His absence from work, not his prior claims, was the cause of the employment action against him. Accordingly, Tan cannot establish a causal

No. 09-30639

link between his filing of EEO grievances and being put on AWOL, failing to be reassigned or the loss of his health benefits.

For the foregoing reasons and the reasons stated in the district court's thorough Order and Reasons dated July 17, 2009, we AFFIRM.

AFFIRMED.